```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
                  Civil No. 04-2928(DSD/JJG)
```

Cynthia F. Gordon, as Trustee
for the Heirs and Next of Kin
of Walter Valentino Gordon,
deceased,

        Plaintiff,

v.                                                            **ORDER**

Sheriff James Frank; Deputy
William Harrell; Sgt. David
Frantsi; Sgt. Garrett
Kleinendorst; Corrections
Officer Lois Arends; Corrections
Officer Vincent Deschene;
Corrections Officer John Kuenkel;
Allen Clevenger, RN; John Doe and
Jane Roe (whose true names are
unknown); and County of Washington,

        Defendants.

    Jordan S. Kushner, Esq. 431 South Seventh Street, Suite 2446, Minneapolis, MN 55415, counsel for plaintiff.

    Jon K. Iverson, Esq., Jason J. Kuboushek, Esq. and Iverson Reuvers, LLC, 9321 Ensign Avenue South, Bloomington, MN 55438, counsel for defendants.

This matter is before the court on defendants' motion for judgment as a matter of law or in the alternative for a new trial and on plaintiffs' motion for prejudgment interest and entry of judgment. Based upon a review of the file, record and proceedings herein, and for the following reasons, the court denies defendant's motion and grants plaintiffs' motion in part.

## BACKGROUND

On January 3, 2004, Walter Gordon, Jr., died while in custody at the Washington County Jail.  In June 2004, plaintiffs Cynthia Gordon and Walter Gordon, Sr., trustees of the estate of Walter Gordon, Jr., filed a 42 U.S.C. § 1983 and state tort action against defendants Lois Arends, Vincent Deschene, David Frantsi and Washington County, Minnesota.  Plaintiffs alleged that Gordon's death was the result of defendants' negligence and deliberate indifference to his serious medical needs.  At the close of the nine-day trial, defendants moved the court for entry of judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.  The court reserved judgment on this motion, and the case was submitted to the jury.  After four days of deliberation, the jury reached a verdict in favor of plaintiffs.  Defendants now renew their motion for judgment as a matter of law under Rule 50 and in the alternative move the court for a new trial under Rule 59.  Plaintiffs move for entry of judgment and the awarding of prejudgment interest.

## DISCUSSION

**I.   Motion for Judgment as a Matter of Law and New Trial**

Judgment as a matter of law is appropriate only when all of the evidence, viewed in a light most favorable to the prevailing party, "points one way and is susceptible of no reasonable

inference sustaining [the prevailing party's] position." <u>Racicky v. Farmland Indus., Inc.</u>, 328 F.3d 389, 393 (8th Cir. 2003). The court gives the jury's verdict substantial deference, but the jury cannot be afforded "the benefit of unreasonable inferences, or those at war with undisputed facts." <u>McAnally v. Gildersleeve</u>, 16 F.3d 1493, 1500 (8th Cir. 1994) (internal quotations omitted).

Under Rule 59, the court will grant a new trial only if necessary to prevent a fundamental miscarriage of justice. <u>See</u> <u>White v. Pence</u>, 961 F.2d 776, 779 (8th Cir. 1992); <u>Fireman's Fund Ins. Co. v. Aalco Wrecking Co.</u>, 466 F.2d 179, 186 (8th Cir. 1972). The court may weigh evidence, consider the credibility of witnesses and grant a new trial "even where there is substantial evidence to sustain the verdict." <u>White</u>, 961 F.2d at 780. However, the court may not simply substitute its judgment for that of the jury. Where the facts are not especially complex, the legal principles are not likely to confuse the jurors and "reasonable [persons] may differ" as to the outcome, the verdict must stand. <u>Fireman's Fund</u>, 466 F.2d at 187.

Defendants raise two objections to the jury verdict. First, they argue that they were entitled to qualified immunity on plaintiffs' § 1983 claim or official immunity on plaintiffs' state law claim and that the court therefore erred in not giving a "willful or malicious action" jury instruction. However, the court previously ruled that defendants were not entitled to a qualified

3

or official immunity defense, a decision upheld by the Eighth Circuit Court of Appeals. See Gordon v. Frank, 454 F.3d 858 (8th Cir. 2006). Allowing defendants to nonetheless assert qualified or official immunity defenses at trial would violate the established law of the case, and defendants are not entitled to judgment as a matter of law or a new trial based on the court's prior legal rulings against them. See Pediatric UniGroup, Inc. v. Winokur, 45 F.3d 1208, 1211-12 (8th Cir. 1995); Little Earth of the United Tribes, Inc. v. United States Dep't of Housing & Urban Dev., 807 F.2d 1433, 1440-41 (law of the case doctrine prevents "relitigation of settled issues in a case, thus protecting the settled expectations of the parties, ensuring uniformity of decisions, and promoting judicial efficiency"); Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co., 299 F. Supp. 2d 903, 912 (N.D. Iowa 2004).

Second, defendants argue that plaintiffs failed to meet their burden of proof of causation on the deliberate indifference and negligence claims. Having heard the expert testimony and observed the evidence presented at trial, the court is satisfied that there was sufficient evidence presented for the jury to find a causal nexus between the officers' actions and Walter Gordon's death. Additionally, the jury was carefully instructed on the element of causation. The court finds that the jury's causation determination was not a product of unreasonable inferences or a miscarriage of justice. Therefore, defendants are not entitled to judgment as a

matter of law or a new trial. Having found that the jury's verdict is supported by the evidence introduced at trial, the court will order that judgment be entered in favor of plaintiffs.

**II.  Damages Calculation**

In the special verdict form, the jury was presented with three questions related to damages - two on compensatory damages and the third on punitive. In response to the question "What is the total amount of actual damages suffered as a result of the deliberate indifference of one or more of the defendants to Walter Gordon's serious medical needs," the jury answered $300,000. In response to the question "What is the total amount of actual damages suffered as a result of the negligence of one or more of the defendants," the jury answered $200,000. Plaintiffs move the court to combine these awards and the $30,000 punitive damages award for a total damages amount of $530,000.

A plaintiff may not be made more than whole or receive more than one full recovery for the same harm. See Margolies v. McCleary, Inc., 447 F.3d 1115, 1126 (8th Cir. 2006); Wirig v. Kinney Shoe Corp., 461 N.W.2d 374, 379 (Minn. 1990). If a federal claim and a state claim arise from the same operative facts and seek identical relief, an award of damages under both theories constitutes double recovery. See Mason v. Okla. Turnpike Auth., 115 F.3d 1442, 1459 (10th Cir. 1997); Holmberg v. Morrisette, 800 F.2d 205, 212 (8th Cir. 1986). Where a jury duplicates damages,

the court will adjust the award to avoid double recovery. See Mason, 115 F.3d at 1459.

Deliberate indifference and negligence are two legal theories of recovery for the same event - the failure to provide Walter Gordon with medical care. Indeed, Instruction 25 directed the jury, if finding in favor of plaintiffs on either claim, to award one sum that "will fairly and justly compensate plaintiffs for any damages you find Walter Gordon sustained as a direct result of the failure to provide him with medical care." Combining the damage awards, therefore, would give plaintiffs a double recovery, an unjust result. To remedy the jury's error and avoid double recovery, the court awards plaintiffs the greater of the two damages awards, $300,000. Based on the evidence presented at trial, the court finds that $300,000 adequately compensates plaintiffs for the death of Walter Gordon. Combined with the punitive award, plaintiffs will receive total damages of $330,000.

Plaintiffs have also moved the court to award prejudgment interest pursuant to Minnesota Statute Section 549.09. Under Section 549.09, the interest on pecuniary damages generally is calculated from the date the action is commenced until the date a verdict is rendered. An exception to this general rule is the offer-counteroffer provision of the statute, which can affect the calculation of prejudgment interest. See Archer Daniels Midland Co. v. Aon Risk Servs., Inc. 356 F.3d 850, 859 (8th Cir. 2004). As

plaintiffs have not addressed the offer-counteroffer provision and defendants have not filed any response to plaintiffs' motion for prejudgment interest, the court does not have the information necessary to rule on the motion at this time. Accordingly, the court reserves judgment on the issue of prejudgment interest and denies plaintiffs' motion in part.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1.  Defendants' motion for judgment as a matter of law or in the alternative for a new trial [Doc. No. 111] is denied;

2.  Plaintiffs' motion to enter judgment and award prejudgment interest [Doc. No. 115] is granted in part and denied in part without prejudice.

3.  By May 7, 2007, the parties shall submit to the court in letter format their respective positions on whether plaintiffs are entitled to prejudgment interest.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 24, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court